FILED'06 AUG 17 13:45USDC-ORM

FILED'06 AUG 17 13:45USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT DOYLE MURPHY, | ) | Civil No. 05-1191-CO |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN KITZHABER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Robert Murphy brings this action against Oregon "Governor" John Kitzhaber,[1] various state prison officials, the members of the Oregon Board of Parole and Post-Prison Supervision (the "Parole Board"), and several psychologists or other medical professionals who have contracts with the Parole Board to perform psychological evaluations of inmates.

According to the Complaint, Murphy pled guilty to murder in 1976 and was sentenced to an indeterminate life sentence with the possibility of parole. Murphy says he later agreed to "to be placed under the Matrix System of parole" so he would receive a firm release date. Murphy alleges that this firm release date

---

[1] John Kitzhaber's term as governor of Oregon ended more than three years ago. The current governor is Ted Kulongoski.

1 - OPINION AND ORDER

has now been postponed at least ten times, ostensibly because a psychological evaluation concluded that he has a "severe emotional disturbance" that poses "a danger to the health and safety of the community."

Among other things, Murphy challenges the Parole Board's authority to take the actions at issue, as well as the fairness and adequacy of the definitions and the procedures employed. He also alleges a conflict of interest by certain individuals who contract with the Board to provide the psychological evaluations. The Complaint further asserts that inmates are denied parole on the basis of mental health problems, yet no effort is made to provide treatment for these problems.

The Defendants move to dismiss the entire action or for an order requiring Plaintiff to make his claims more definite and certain. On May 23, 2006, Magistrate Judge John Cooney filed his Findings and Recommendation ("F&R"), which recommended that the motion be granted in part and denied in part. Plaintiff objects to that recommendation. This matter is now before me for de novo review. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

I.  **Defendants' Motion to Dismiss**

    A.  **Eleventh Amendment**

The F&R's analysis of this issue is faulty. Plaintiff seeks declaratory and prospective injunctive relief for violations of his federal constitutional rights. Such claims against the defendants, in their "official capacities," are squarely within the exception recognized in Ex Parte Young, 209 U.S. 123 (1908), and are not barred by the Eleventh Amendment.

2 - OPINION AND ORDER

Plaintiff's claims for damages against the defendants in their "individual capacities" --though they may be barred for other reasons, as discussed below-- also are not prohibited by the Eleventh Amendment. See Hafer v. Melo, 502 U.S. 21 (1991).

Although, as the F&R points out, Defendants were acting within the course and scope of their duties, it does not follow that they may be sued only in their "official capacity." Rather, "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Id. at 26. The rationale (or legal fiction, if one prefers) is that the King can and would do no wrong. If the King's ministers have violated the Plaintiff's rights, they must have acted outside their instructions and therefore, *ultra vires*.

The motion to dismiss, on this ground, is denied.

B.  **Absolute Immunity**

The Supreme Court has yet to decide whether any "parole officials" are entitled to absolute immunity and, if so, which officials and for what activities. See Martinez v. California, 444 U.S. 277, 284 (1980) (reserving issue for another day). In Sellars v. Procunier, 641 F.2d 1295 (9th Cir. 1981), *holding limited by* Swift v. California, 384 F.3d 1184 (9th Cir. 2004), the Ninth Circuit extended absolute immunity to members of a State Parole Board with regard to the actual decision to grant, deny, or revoke parole and for actions "integral to those decisions." Swift, 384 F.3d at 1191.

3 - OPINION AND ORDER

The claims for damages against Defendants Washington, Hannon, and Baker are obviously premised upon their decision to deny parole or to postpone a parole date. Those claims for damages are dismissed. The claims against those same defendants for prospective injunctive or declaratory relief are unaffected.

With regard to the other defendants, the motion to dismiss is so conclusory, both legally and factually, that the court lacks a sufficient basis to evaluate the arguments for and against immunity. The motion is denied as to those defendants with leave to renew the argument later.

C.   **Statute of Limitations**

The F&R erred by placing the burden upon the Plaintiff to affirmatively plead facts showing that each of his claims are timely. The statute of limitations is an affirmative defense that must be pled by the defendant. Dismissing an action as time-barred, on a motion under Fed. R. Civ. P. 12(b)(6), is appropriate only if it is clear, from the face of the complaint, that the claims are not timely.

To the extent Plaintiff contends he is confined illegally, that claim is not barred by the statute of limitations (or at least Defendants have not alleged a valid basis for such an argument). I express no opinion as to whether that contention is cognizable as a § 1983 claim, as Defendants have not moved against it on that basis.

Plaintiff's claim that he is entitled, prospectively, to mental health services while in prison, also is not time-barred.
/ / / /

4 - OPINION AND ORDER

It is not clear, from the face of the Complaint (which is all that is before the court) that Plaintiff's claims for damages are entirely time-barred. The motion, on this ground, is denied.

### D. Respondeat Superior

Defendants bear the burden of showing that the motion to dismiss should be granted. They have not met their burden as to this ground. Construed liberally, the factual allegations may be sufficient to permit Plaintiff to maintain a claim against each Defendant for his own acts or omissions, or at least I can't say, as a matter of law, that these individuals are being sued solely because of the office they hold. Even in the latter instance, such a claim may be appropriate to the extent that Plaintiff seeks injunctive or declaratory relief.

## II. Other Matters

Defendants' alternative motion, to make more definite and certain, is denied. Plaintiff's "Motion for More Definite Statement" is really a request for appointment of counsel. The Magistrate Judge previously denied several similar requests in this case, presumably because the court lacks funds to pay an attorney in a civil matter. However, the Federal Defender has now graciously offered to represent Plaintiff with regard to the claims seeking relief _other_ than damages.[2] Accordingly, his request for appointment of counsel is granted provided that the Federal Defender agrees to accept this appointment.

---

[2] As a practical matter, the chances of recovering damages in this action appear remote, at least at first glance. After conferring with counsel, Plaintiff may decide it is in his best interest to forego the claims for damages and to proceed solely on the claims for declaratory and injunctive relief.

5 - OPINION AND ORDER

## Conclusion

I decline to adopt the Findings and Recommendation (docket # 25). Defendants' Motion to Dismiss (# 12-1) is granted as to the claims <u>for damages</u> against defendants Washington, Hannon, and Baker, and otherwise denied. Defendants' alternative Motion to Make More Definite and Certain (# 12-2) is denied.

Plaintiff's Motion (# 26) for Appointment of Counsel is granted provided that the Federal Defender accepts such appointment. Plaintiff's Motion (# 15) for a More Definite Statement is denied as moot.

IT IS SO ORDERED.

DATED this __17__ day of August, 2006.

_____
Owen M. Panner
United States District Judge

6 - OPINION AND ORDER